**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANTHONY NELSON CRUZADO,

     Plaintiff,

v.                                                                    Case No. 8:26-cv-1045-JLB-TGW

SHERIFF CHAD CHRONISTER, *et al.*,

     Defendants.

_____/

## <u>ORDER OF DISMISSAL</u>

Anthony Nelson Cruzado, a Florida prisoner, filed a complaint (Doc. 1), a motion to proceed i*n forma pauperis* (Doc. 2), and a motion for the appointment of counsel.  (Doc. 3).  After screening the complaint under 28 U.S.C. § 1915(e)(2), the Court has determined that it must be dismissed without prejudice for failure to state a claim on which relief may be granted.

Federal district courts have jurisdiction in civil actions arising under the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 1331.  But Mr. Cruzado fails to identify the statutory basis or the constitutional provision on which he relies.  (Doc. 1 at 3).  And he fails to allege any facts demonstrating how each defendant violated his rights.  *See Moore v. City of Fort Walton Beach*, 2026 WL 710053, at *1 (11th Cir. Mar. 13, 2026) ("[T]o prevent dismissal for failure to state a claim, plaintiffs must allege sufficient facts to state a claim for relief that is

'plausible on its face.'" (quoting *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). In short, the complaint is indiscernible, and the nature of Mr. Cruzado's claims is not readily determinable from a review of his complaint.   And this court does not have a "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."   *GJR Invs. v. Cnty. Of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

Accordingly, it is **ORDERED** that:

1. This action is **DISMISSED without prejudice**.   Because the dismissal is without prejudice, Mr. Cruzado may pursue a new case by filing a proper complaint —**not using this case number**— and including the filing fee or motion to proceed *in forma pauperis*.

2. The Clerk is **DIRECTED** to terminate all motions as moot and close this case.

DONE and ORDERED in Tampa, Florida, on April 20, 2026.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

2