UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY NELSON CRUZADO,

     Plaintiff,

v.                                                      Case No. 8:26-cv-1045-JLB-TGW

SHERIFF CHAD CHRONISTER, *et al.*,

     Defendants.

_____/

## **ORDER**

Mr. Cruzado moves the Court for discovery (Doc. 12), appointed counsel (Doc. 13), and reconsideration of the Court's order dismissing this action without prejudice. (Doc. 14).   The Court construes Mr. Cruzado's motion for reconsideration as a motion under Federal Rule of Civil Procedure 59(e). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."   *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)) (alteration in original); *see Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993) ("The Court's reconsideration of a prior order is an extraordinary remedy. Exercise of this power must of necessity be used sparingly.").   Mr. Cruzado presents neither.

He argues that because a state court found him incompetent to proceed in his state criminal case, the Court erred in dismissing this action without first appointing him counsel or a guardian.   But as discussed in the Court's April 30, 2026 order (*see*

Doc. 7), Mr. Cruzado was not entitled to a guardian or counsel because his competency was restored before he initiated this action.

Accordingly, it is **ORDERED**:

1. Mr. Cruzado's Rule 59(e) motion (Doc. 14) is **DENIED**.

2. Mr. Cruzado's motion for discovery (Doc. 12) and motion to appoint counsel (Doc. 13) are **DENIED** as moot.

**DONE and ORDERED in Tampa, Florida, on May 19, 2026.**

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

2